Commonwealth ex rel. McCartney, Appellant, *v.* McCartney.

418

Argued September 15, 1970. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and CERCONE, JJ.

*Nelson J. Sack,* with him *Pileggi, Desmond & Sack,* for appellant.

*Charles F. Mayer,* for appellee.

OPINION BY HOFFMAN, J., November 13, 1970:

This is an appeal from an Order of the Court of Common Pleas of Delaware County vacating support orders in favor of appellant and her two children, aged three and eight. Appellant and her husband have been separated for over two years, with appellant having exclusive custody of the children. Shortly after the separation began, appellant withdrew the proceeds of three joint savings accounts—about $12,000. Subsequently, a support order was agreed to and approved by the court providing for $35.00 bi-weekly for the separate maintenance and support of the children, and the same amount for appellant. Approximately a year and a half later, appellee-husband obtained a judgment against appellant for one-half of the amount removed from the bank. Since this judgment had not been paid, the court below ordered the *entire* support order vacated until appellee should receive credit for the amount of the judgment he obtained against appellant.

It is true, as appellee argues, that if the situation of the parties changes "the lower court has the right to adjust [the support] order so as to accomplish equity and justice between the parties." *Commonwealth ex rel. Stanley v. Stanley,* 198 Pa. Superior Ct. 15, 18, 179 A. 2d 667, 669 (1962). However, as Judge WATKINS noted in *Commonwealth ex rel. Snively v. Snively,* 206 Pa. Superior Ct. 278, 282, 212 A. 2d 905, 907 (1965), the child's "right to support from the father is 'well nigh absolute' ". "A father of sufficient means must support his child, and it is not a defense that either the mother-custodian, or the child itself, has independent means." *Commonwealth ex rel. Mallinger v. Mallinger,* 197 Pa. Superior Ct. 34, 37, 175 A. 2d 890, 891 (1961).

This Court has consistently held that Pennsylvania law is "clear in its direction that the conduct of the

mother has no relevance in the determination of support for the children." *Commonwealth ex rel. Byrne v. Byrne,* 212 Pa. Superior Ct. 566, 569, 243 A. 2d 196, 197 (1968) (allocatur denied). Agreements or disputes between parents are almost irrelevant when balanced against the overwhelming concern of the law with the welfare of children. A father cannot avoid his duty of payment by reliance on substantial payments made in the past, *Commonwealth ex rel. Silverman v. Silverman,* 180 Pa. Superior Ct. 94, 117 A. 2d 801 (1955), nor by reliance upon an agreement valid between the spouses themselves. *Commonwealth ex rel. Rossi v. Rossi,* 161 Pa. Superior Ct. 86, 53 A. 2d 887 (1947).

We agree with the court below that appellant should not profit from her failure to fulfill her legal obligations, but this is not a sufficient reason to deprive the children of funds required for their separate maintenance and support. The effect of the order of the court below is to punish the children for appellant's recalcitrance in her refusal to pay the judgment obtained against her. Accordingly, the order below vacating the support payments for the wife is affirmed. With respect to the $35.00 bi-weekly for the children, the order of the court below is vacated and that portion of the support order providing for the separate maintenance and support of the children is reinstated.

---

DISSENTING OPINION BY MONTGOMERY, J.:

I respectfully dissent.

When a husband or wife assumes full control of entirety property he or she holds it in trust for the needs of both husband and wife, *Commonwealth ex rel. DiVirgilio v. DiVirgilio,* 182 Pa. Superior Ct. 475, 127 A. 2d 774 (1956). Thus, in this case, the appellant has in her possession $12,000 which, under the law, is to be held and dispensed by her for such purpose. On this the-

ory she holds that sum of money earmarked for the payment of appellee's obligation to his children. The order as modified by the majority being payable to the appellant I would consider the appellee's obligation to his children prepaid. The mother periodically should apply the trust money in her hands for that purpose until it is exhausted.

WATKINS, J., joins in this dissenting opinion.