482 A.2d 606

**Sarah D. OMAN,**

v.

**Richard J. OMAN, Appellant.**

Superior Court of Pennsylvania.

Argued May 15, 1984.

Filed Sept. 21, 1984.

James V. Voss, Pittsburgh, for appellant.

Kathleen Durkin, Pittsburgh, for appellee.

Before CAVANAUGH, POPOVICH and HESTER, JJ.

HESTER, Judge:

In this appeal, we are asked to review an order modifying a Virginia support decree. Appellant sought enforcement of a Virginia decree which terminated support for his daughter upon her eighteenth birthday. The lower court, although reducing appellant's current level of monthly support, refused his requested relief. Following the denial of exceptions, this appeal ensued. We affirm.

Appellant Richard Oman and his former wife Sarah were married in Pennsylvania in 1957. Two children were born during their marriage, Anne, on April 27, 1965, and Richard, on July 23, 1969. The parties were divorced in Virginia in 1977. The divorce decree incorporated a written agreement of the parties which provided that the mother, appellee herein, would retain custody of the children and that appellant would contribute $200.00 per month per child until the occasion of their respective eighteenth birthdays.

Appellant returned to Pennsylvania and subsequently began reneging upon his support obligations. Seeking to enforce the support agreement, appellee filed a petition in Pennsylvania pursuant to the Revised Uniform Reciprocal Enforcement of Support Act (hereinafter RURESA).[1] On November 29, 1982, an order of court directed appellant to continue paying the agreed-upon support according to the parties' written agreement.

On March 24, 1983, appellant filed a petition to terminate support for his daughter as of April 27, 1983, her eighteenth birthday. At the hearing on said petition, the hearing officer issued the following:

**RECOMMENDATIONS:**

Defendant is to pay $200 month for the support of his son and $200 month for support of his daughter until June 15, 1983, then, he is to pay $200 month for the support of his son and $100 month for the support of his daughter. Arrearages to 5/6/83 set at $2900 with Def. to pay $100 month on arrearages until paid in full.

Review in August 25, 1983 to determine needs of daughter regarding college.

**EXPLANATION** (if needed)

Daughter turned 18 on 4/27/83, but does not graduate from H.(igh) S.(chool) until June. She will be attending Univ. of Va. in Sept. 1983 and will work fulltime this summer. As part of her financial aid package, she will have to save from $700–$900 from her summer employ-

---

**1.** 42 Pa.C.S.A. § 6741 et seq.

ment. Daughter's net from said employment should enable her to pay Plaintiff $100 mo. room and board and save for school.

Appellant excepted to the above order, specifically arguing that the hearing officer erred in failing to suspend the order for appellant's daughter pursuant to the settlement agreement between the parties. From the denial of his exceptions, appellant files this appeal.

 Initially, we observe that appellee's capacity in this action is a representative one, similar to that of a guardian ad litem for her daughter, Anne, who is the real party in interest. *See Commonwealth ex rel Durso v. Durso,* 292 Pa.Super. 94, 436 A.2d 1021 (1981); Pa.R.C.P. 1910.3(4). While such a procedural posture is clearly appropriate where the child has reached the age of eighteen but is not yet self-supporting, it in no way binds the child to the terms of a contract for support entered into by her guardian. It is firmly settled that, in Pennsylvania, one parent cannot contract away the right of his or her child to seek adequate support from the other parent. *Brown v. Hall,* 495 Pa. 635, 643 n. 11, 435 A.2d 859, 863 n. 11 (1981); *Commonwealth ex rel. Snively v. Snively,* 206 Pa.Super. 278, 281, 212 A.2d 905, 906 (1965); *Commonwealth ex rel. Rossi v. Rossi,* 161 Pa.Super. 86, 89, 53 A.2d 887, 888 (1947). "Agreements or disputes are almost irrelevant when balanced against the overwhelming concern of the law with the welfare of children." *Commonwealth ex rel McCartney v. McCartney,* 217 Pa.Super. 417, 420, 274 A.2d 206, 207 (1970).

 The concern of this Commonwealth with the welfare of children does not cease when the child reaches the age of majority.[2] In certain situations, the duty of support continues beyond the age of eighteen. For example, in those instances where a child has the ability and incentive to pursue a college education, a parent has a legal duty to furnish aid, subject to the ability to provide financial assistance without undue hardship. *Lederer v. Lederer,* 291

2. Majority is defined as "of the age of eighteen or over." Pa.R.C.P. 76.

Pa.Super. 22, 435 A.2d 199 (1981); *Deiley v. Deiley,* 281 Pa.Super. 288, 422 A.2d 172 (1980). A child's cause of action against a parent for college expenses has thus been judicially recognized in this Commonwealth and survives an attempt by the parents to contract for any less support, regardless of the settlement agreement entered into by the parties. Consequently, appellee as representative of Anne has a legally cognizable claim against appellant for college education funds.

Appellant argues otherwise. He contends simply that the support order was consistent with the laws of Virginia, which does not recognize a duty of support for college education, and that it should be accorded full faith and credit.

Article IV, § 1, of the United States Constitution provides, in relevant part: "Full Faith and Credit shall be given in each State to the public Acts, Records, and Judicial Proceedings of every other State." Our Supreme Court discussed the application of this clause to child support cases in *Posner v. Sheridan,* 451 Pa. 51, 299 A.2d 309 (1973):

> "a foreign decree for the support of children, to be entitled to recognition and enforcement in another state, must be a final judgment for a fixed sum, and if under the law of the foreign state such order is subject to modification at the discretion of the court, the order is not a final judgment which may be enforced in Pennsylvania. However, with regard to support payments already accrued, a foreign divorce decree providing for child support payment by the divorced husband is a final foreign judgment entitled to enforcement in Pennsylvania."

*Id.,* 451 Pa. at 57 n. 4, 299 A.2d at 312 n. 4, *quoting* Volume 15, Standard Pennsylvania Practice, ch. 72, § 557.

In *Silverstein v. Silverstein,* 246 Pa.Super. 503, 371 A.2d 948 (1977), this Court refused to accord full faith and credit to a Florida support order which was modifiable by the foreign jurisdiction. Although neither that state nor our own could modify a party's right to support that had

already accrued, and now existed in the form of arrearages, an order that was prospectively modifiable was deemed not final and thus stood outside of the protection of the Full Faith and Credit Clause.

■ Appellant concedes the above, but contends that the challenged Virginia order is final and unmodifiable. In support of his position, appellant refers us to Virginia cases which hold that the jurisdiction of Virginia courts in divorce and support actions terminates when the child reaches majority, and that no parental duty to support a child beyond the age of eighteen exists absent some contractual undertaking. *See Cutshaw v. Cutshaw,* 220 Va. 638, 261 S.E.2d 52 (1979); *Eaton v. Eaton,* 215 Va. 824, 213 S.E.2d 789 (1975). Thus, appellant characterizes his support order as final and entitled to full faith and credit.

Appellant's contentions must fail for several reasons. Although Virginia may not recognize a non-contractual duty of support for a college education, it does empower the court to modify orders for support in certain instances. The Virginia Code provides:

> The court may ... revise and alter such decree concerning the care, custody, and maintenance of the children and make a new decree concerning the same, as the circumstances of the parents and the benefit of the children may require.

Virginia Code § 20–108 (1950). According to the above language, a child support order can be modified, if the circumstances so warrant, at any time. See *Featherstone v. Brooks,* 220 Va. 443, 258 S.E.2d 513 (1979). Since appellant instituted this action prior to the time his daughter reached her eighteenth birthday, this order was modifiable according to the law of Virginia. As seen above, Pennsylvania is not required to extend full faith and credit to a foreign decree which is not a final judgment.

■ Assuming arguendo that the decree was final, this Court is still not compelled to recognize foreign decrees, even final ones, that contravene the public policy of this

Commonwealth. Recently, this court determined that a Virginia order suspending support until satisfactory visitation rights were established was inconsistent with the announced policy of this Commonwealth and would not preclude entry of a support order in Pennsylvania. *Myers v. Young*, 285 Pa.Super. 254, 427 A.2d 209 (1981). This Court in *Young v. Young*, 320 Pa.Super. 269, 467 A.2d 33 (1983) again refused to give full faith and credit to a New Jersey order for equitable distribution which would have attached a municipal pension in that such an attachment was inconsistent with the stated policy of this Commonwealth. *See also Stambaugh v. Stambaugh*, 458 Pa. 147, 329 A.2d 483 (1974) (court refused to give full faith and credit to a foreign award of alimony, which was not recoverable in Pennsylvania).

█ As discussed earlier, Virginia does not recognize a duty on the part of parents to assist in the educational expenses of their children beyond the age of eighteen. However, the children of Pennsylvania are entitled to receive financial support for a college education, providing this assistance does not constitute a financial hardship upon their parents. To enforce the Virginia order would be in direct contravention of the stated policy of this Commonwealth. In light of the above, the lower court correctly applied the laws of Pennsylvania and rejected appellant's full faith and credit argument.

█ Finally, the trial court properly resolved this issue within the context of RURESA.

Pennsylvania, Virginia and the other forty-eight states have enacted some form of a reciprocal act to improve and extend the enforcement of duties of support. This legislation, known commonly as RURESA, was designed to prevent the very argument advanced by appellant. Section 6747 provides:

**Choice of Law**

Duties of support applicable under this subchapter are those imposed under the laws of any state where the

obligor was present for the period during which support is sought. The obligor is presumed to have been present in the responding state during the period for which support is sought until otherwise shown.

The above statute answers the question of which body of law to apply when an order is entered in the "initiating" state and the obligor thereafter establishes domicile in the "responding" state.

Herein, appellant became a domiciliary of Pennsylvania some time following his divorce in 1977, and has continued to reside here throughout this controversy. In fact, as mentioned earlier, appellant availed himself of the judicial system of this Commonwealth when he initiated this action to modify the pre-existing support order. As a resident of this jurisdiction, appellant falls directly within the purview of § 6747. Therefore, the laws of Pennsylvania govern this action. *Chrzanowski v. Chrzanowski*, 325 Pa.Super. 298, 472 A.2d 1128 (1984). *See also Commonwealth ex rel. Byrne v. Byrne*, 212 Pa.Super. 566, 243 A.2d 196 (1968).

■■■ Appellant argues that RURESA only applies to modifiable orders and not final ones. As we have determined, the order in question is modifiable; however, even if it were final, RURESA would still apply. A support order is defined by the Act as:

Any judgment, decree, or order of support in favor of an obligee *whether temporary or final,* or subject to modification, revocation, or remission, regardless of the kind of action or proceeding in which it is entered.

42 Pa.C.S.A. § 6742. (Emphasis added). This clear and unambiguous language leaves no doubt that the legislature intended the courts of this Commonwealth to review any support order, modifiable *or* final, brought within its jurisdiction.[3] Since RURESA applies, its choice of law statute

---

**3.** Authority to enter such an order in the face of a pre-existing order is also found within the boundaries of RURESA. Section 6771 provides: "A support order made by a court of this Commonwealth pursuant to this subchapter ... is not nullified ... by a support order made by a court of any other state ... regardless of priority of issuance, unless

dictates an application of the law of this Commonwealth. The lower court correctly followed this course and, in doing so, found a duty on the part of appellant to provide continued financial aid to his daughter during her college education. No error was committed below. Hence, we affirm.

Order affirmed.

otherwise specifically provided by the court." See *Myers v. Young,* supra. It can thus be seen that the intendment of RURESA was not to permit the entry of an order in one state to bar the entry of an order in the state having jurisdiction. *Id.*