485 A.2d 70

**COMMONWEALTH ex rel. Kathie D. SHOEMAKER**

v.

**Barry N. COULSON, Appellant.**

Superior Court of Pennsylvania.

Submitted Sept. 18, 1984.

Filed Nov. 30, 1984.

Petition for Allowance of Appeal Denied June 26, 1985.

George F. Douglas, Jr., Carlisle, for appellant.

Michael R. Rundle, Carlisle, for appellee.

Before WICKERSHAM, WATKINS and HESTER, JJ.

HESTER, Judge:

The issue presented for our review herein is whether the entry and satisfaction of a judgment in lieu of child support precludes future support actions on behalf of the child. We hold that it does not and affirm the Order of the court below permitting the continuance of the instant support action against appellant.

Appellant is the father of Diana Lea, born to appellee on November 12, 1977. The parties were never married. In 1979, appellee instituted an action for support of her child, and therein alleged the paternity of appellant. A directed verdict and lump sum settlement of $4,800.00 were negotiated by counsel for the parties. In February of 1983, appellee filed the current action for support for her daughter.[1] Appellant sought a declaratory judgment as to whether appellee was precluded from commanding child support following the entry and satisfaction of the monetary settlement. The lower court, following a hearing on the matter,

1. In February, 1983, appellee applied for public assistance for her daughter at the Cumberland County Board of Assistance. In doing so, she assigned her right to support to the Pennsylvania Department of Public Welfare pursuant to the terms of the Social Security Act, and agreed to institute proceedings against appellant for support.

held that appellee was not estopped from maintaining her support action. This appeal ensued.

Appellant argues that the satisfaction of a judgment forever discharges that judgment, and that his payment of the lump sum settlement must likewise forever release him from his future obligation of child support. Appellant relies upon *Commonwealth v. Cameron*, 197 Pa.Super. 403, 406, 179 A.2d 270 (1962), wherein we observed:

> where an agreement is made under which one parent agrees to release the other from the duty of support, the bargain will be enforced so long as it is fair and reasonable, made without fraud and coercion, and without prejudice to the welfare of the child.

Averring that the execution of the satisfied judgment comported with the above-cited language, appellant urges us to enforce the settlement as a final judgment in this matter.

This Commonwealth has always attributed the utmost importance to the duty and responsibility of parents to financially support their children to the extent of their resources. Although a parent's circumstances may vary, the obligation of child support is an unwavering one. As such, this Court has repeatedly held that one parent cannot contract away the right of his or her child to seek adequate support from the other parent. *Oman v. Oman*, 333 Pa.Super. 356, ——, 482 A.2d 606, 608 (1984), quoting *Brown v. Hall*, 495 Pa.Super. 635, 643 n. 11, 435 A.2d 859, 863 n. 11 (1981); *Mallinger v. Mallinger*, 197 Pa.Super. 34, 175 A.2d 890 (1961). In fact, we once observed that "agreements or disputes are almost irrelevant when balanced against the overwhelming concern of the law with the welfare of children." *Commonwealth ex rel. McCartney v. McCartney*, 217 Pa.Super. 417, 420, 274 A.2d 206, 207 (1970).

That is not to say that this Court does not recognize settlement agreements entered into between parents for the support of their children. On the contrary, private child support agreements executed by parties following

separation or divorce and embodied within court orders are enforceable. *Guerin v. Guerin,* 296 Pa.Super. 400, 442 A.2d 1112 (1982); *Commonwealth ex rel. Durso v. Durso,* 292 Pa.Super. 94, 436 A.2d 1021 (1981). In fact, a court will not permit a parent to decrease his or her child support obligation from the amount provided in the agreement, *Millstein v. Millstein,* 311 Pa.Super. 495, 457 A.2d 1291 (1983), unless, of course, that parent can establish a change of circumstances warranting a reduction. *Commonwealth ex rel. Morgan v. Carlton,* 261 Pa.Super. 77, 395 A.2d 950 (1978). However, a separation or support agreement will not preclude a court from increasing a parent's support payment beyond that amount provided in the agreement. Our overriding concern in these matters must be the welfare of the child. To that end, the courts may always reconsider what an appropriate amount of support should be.

The courts will also reconsider the terms of support agreement when the maintenance of the child becomes a burden upon the public. In fact, in the case upon which appellant relies, *Commonwealth v. Cameron,* supra, we agreed to enforce an agreement releasing the father from all future support for his daughter only because the stepfather assumed primary support of the child. If her support became a responsibility of the state, we clearly stated that the natural father would be held liable for her support.

Such is the case before us. Appellee has applied for public assistance in the support of her child. We fail to see why the Commonwealth should bear the burden of supporting this child when her father may be so able. A one-time payment toward her support will not serve to relieve appellant of his parental obligation to the detriment of the public. Thus, we affirm the order of the lower court granting appellee the right to continue her action.

Order affirmed.