594 A.2d 692

DOMESTIC RELATIONS SECTION
for Cathy A. DIEHL, Appellee,

v.

Patrick A. MULHERN, Jr., Appellant.

Superior Court of Pennsylvania.

Argued April 10, 1991.

Filed July 24, 1991.

Edward Schellhammer, Johnstown, for appellant.

Charles P. Wasovich, Altoona, for appellee.

Before WIEAND, DEL SOLE and HOFFMAN, JJ.

WIEAND, Judge:

In this proceeding for the support of a child born out of wedlock to Cathy A. Lilly, now Cathy A. Diehl, the trial court entered an order directing Patrick A. Mulhern, Jr. to pay support of one hundred ($100.00) dollars per month. Mulhern appealed. We reverse. The record is clear that there has been neither an adjudication of paternity nor an acknowledgement by Mulhern that he is the father of the child.

Cathy A. Lilly gave birth to a daughter, Jennifer Marie Lilly, on April 1, 1977. On April 25, 1977, she filed in Cambria County a criminal complaint against Mulhern in which she charged him with refusing to support a child born out of wedlock, which was made a misdemeanor by 18 Pa.C.S. § 4323.[1] The case was tried before a jury, which returned a verdict of guilty. Subsequently, however, the trial court granted Mulhern's post-trial motion and awarded

---

1. This section of the Crimes Code was subsequently repealed by the Act of April 28, 1978, P.L. 106, No. 46, § 3, effective in 60 days.

a new trial. Before the case could be tried a second time, the case was settled for the lump sum of six thousand ($6,000.00) dollars. This settlement was approved by the court, which told appellant that the settlement would be effective to release him from any further liability for the child and entered an order as follows:

AND NOW, February 13, 1979, defendant to pay $6,000 lump sum settlement to the Domestic Relations Office. This is to be distributed in $50.00 monthly payments to the child until the fund is exhausted. The case is to be transferred from the Criminal Division to the Civil Division. Costs are placed on the County.

On December 1, 1989, shortly before the six thousand dollars was exhausted by payments, Cathy Lilly, now Diehl, filed a petition to obtain additional support for her child from Mulhern. After hearing, a hearing officer recommended that Mulhern pay the sum of one hundred ($100.00) dollars per month. Mulhern filed exceptions, but the court accepted the hearing officer's recommendation and entered an order in accordance therewith. Further exceptions were filed, but they were dismissed, and Mulhern appealed. He argues that (1) the settlement of the criminal action was a final determination of the rights of the parties and, therefore, constituted a bar to the present action; and (2) the court could not properly order him to support a child whose paternity he has never acknowledged without a judicial determination that he is the father of the child.

Prior to 1963, issues of paternity were decided by criminal actions brought pursuant to Section 506 of the Penal Code of 1939, 18 P.S. § 4506 (fornication and bastardy) and/or Section 732, 18 P.S. § 4732 (willful failure to support a child born out of wedlock). Prosecutions for willful failure to support a child born out of wedlock had to be initiated within (2) years following the birth of the child, except where the reputed father had acknowledged paternity in writing or had voluntarily contributed to the support of the child. In such cases, a prosecution could be maintained

within two years after the written acknowledgment or within two years of the last payment of support.

In 1963, however, the Civil Procedural Support Law of July 13, 1953, P.L. 431, No. 95, § 1, 62 P.S. § 2043.31 et seq., was amended by the Act of August 14, 1963, P.L. 872, No. 420, § 1, 62 P.S. § 2043.32, to permit a civil determination of paternity in proceedings for the support of a child born out of wedlock.[2] The amendment, however, did not eliminate a defendant's right to a jury trial in cases where he was accused of being the father of a child born out of wedlock. See: *Commonwealth v. Dillworth*, 431 Pa. 479, 246 A.2d 859 (1968).

Later, the criminal statutes pertaining to paternity were repealed by the Act of April 28, 1978, P.L. 106, No. 46, § 3, effective June 27, 1978. The Judiciary Act Repealer Act then repealed the Civil Procedural Support Law and reenacted it in substantially the same form as part of the Judicial Code, 42 Pa.C.S. § 6701 et seq. In pertinent part, the provisions of 42 Pa.C.S. § 6704 were as follows:

(e) **Limitation of actions.**—All actions to establish the paternity of a child born out of wedlock brought under this section must be commenced within six years of the birth of the child, except where the reputed father shall have voluntarily contributed to the support of the child or shall have acknowledged in writing his paternity, in which case an action may be commenced at any time within two years of any such contribution or acknowledgement by the reputed father.[3]

**2.** The amended statute provided that the "duty of support" enforceable in civil proceedings included
> any duty of support imposed or imposable by law or by any court order, decree or judgment, whether interlocutory or final, whether incidental to a proceeding for divorce, legal separation, separate maintenance, prosecution for failure to support a child born out of lawful wedlock, or otherwise. (emphasis added).

**3.** This statute of limitations was held to violate principles of equal protection and was declared unconstitutional in *Clark v. Jeter*, 486 U.S. 456, 108 S.Ct. 1910, 100 L.Ed.2d 465 (1988).

**(f) Character of action.**—An action brought under this subchapter shall be a civil action governed by general rules applicable to civil matters.

**(g) Trial of paternity.**—Where the paternity of a child born out of wedlock is disputed, the determination of paternity shall be made by the court without a jury unless either party demands trial by jury. The trial, whether or not a trial by jury is demanded, shall be a civil trial and there shall be no right to a criminal trial on the issue of paternity. The burden of proof shall be by a preponderance of the evidence.

Finally, by the Act of October 30, 1985, P.L. 264, No. 66, § 1, the legislature provided as follows:

**(a) Determination.**—Where the paternity of a child born out of wedlock is disputed, the determination of paternity shall be made by the court in a civil action without a jury unless either party demands trial by jury. The burden of proof shall be by a preponderance of the evidence.

**(b) Limitation of actions.**—

(1) An action or proceeding under this chapter to establish the paternity of a child born out of wedlock must be commenced within 18 years of the date of birth of the child.

(2) As of August 16, 1984, the requirement of paragraph (b)(1) shall also apply to any child for whom paternity has not yet been established and any child for whom a paternity action was brought but dismissed because of a prior statute of limitations of less than 18 years.

**(c) Genetic tests.**—

(1) Upon the request of any party to an action to establish paternity, the court shall require the child and the parties to submit to genetic tests.

(2) Genetic test results shall be considered prima facie evidence of paternity.

(3) To ensure the integrity of the specimen and that the proper chain of custody has been maintained, the genetic tests of the biological mother, the child or children in question and the alleged father should be conducted by an established genetic-testing laboratory in the course of its regularly conducted business activity, and certified records should be issued. The laboratory must be certified by either the American Association of Blood Banks or the American Association for Histocompatibility and Immunogenetics.

(4) A fee for performing genetic tests may be imposed on any individual who is not a recipient of public assistance. The amount of the fee will be in accordance with applicable Federal regulation.

23 Pa.C.S. § 4343.

The law in 1977 was such that criminal actions to determine paternity could be settled to avoid the notoriety, embarrassment and humiliation attendant upon such proceedings. See: *Commonwealth v. Terry,* 275 Pa.Super. 184, 186, 418 A.2d 673, 675 (1980); *Commonwealth v. Luciano,* 205 Pa.Super. 397, 400, 208 A.2d 881, 883 (1965). When a defendant was charged with an offense which was not alleged to have been committed by force of violence or threat thereof, the court could order the case dismissed upon a showing of an agreement of satisfaction made to the aggrieved party. See: *Pflaum v. McClintock,* 130 Pa. 369, 18 A. 734 (1889) (prosecution for fornication and bastardy may be settled and a nolle prosequi entered); *Rohrheimer v. Winters,* 126 Pa. 253, 17 A. 606 (1889); *Stumpf's Appeal,* 116 Pa. 33, 8 A. 866 (1887). See also: *King Coal Co. v. Commonwealth,* 82 Pa.Cmwlth. 487, 475 A.2d 939 (1984).

█ Consistently with this practice, the original action for the support of a child born out of wedlock to Cathy Lilly was settled for the sum of six thousand ($6,000.00) dollars. This settlement, however, was not effective to bar future claims for the support of the child. The obligation of a parent to support his or her child is an unwavering one, and one parent will not be permitted to contract away the right

of his or her child to seek support from the other parent. In *Commonwealth ex rel. Shoemaker v. Coulson*, 335 Pa.Super. 626, 485 A.2d 70 (1984), the mother of a child born out of wedlock instituted an action for support of her child in which she averred the defendant's paternity. A directed verdict and lump sum settlement of four thousand eight hundred ($4,800.00) dollars were negotiated by the parties. Four years later, the mother filed an action against the same defendant for support of her daughter. The defendant thereupon filed a declaratory judgment action to determine whether the mother was precluded from claiming child support following the entry and satisfaction of a lump sum settlement. The trial court found that the mother was not estopped from maintaining her support action, and the Superior Court affirmed. The Court reasoned:

> This Commonwealth has always attributed the utmost importance to the duty and responsibility of parents to financially support their children to the extent of their resources. Although a parent's circumstances may vary, the obligation of child support is an unwavering one. As such, this Court has repeatedly held that one parent cannot contract away the right of his or her child to seek adequate support from the other parent. *Oman v. Oman*, 333 Pa.Super. 356, 359, 482 A.2d 606, 608 (1984), quoting *Brown v. Hall*, 495 Pa. 635, 643 n. 11, 435 A.2d 859, 863 n. 11 (1981); *Mallinger v. Mallinger*, 197 Pa.Super. 34, 175 A.2d 890 (1961). In fact, we once observed that "agreements or disputes are almost irrelevant when balanced against the overwhelming concern of the law with the welfare of children." *Commonwealth ex rel. McCartney v. McCartney*, 217 Pa.Super. 417, 420, 274 A.2d 206, 207 (1970).

*Id.*, 335 Pa.Superior Ct. at 629, 485 A.2d at 72.

Other jurisdictions have adopted a similar approach. They have held that an illegitimate child's right to support from a putative father cannot be bargained away by its mother and that any release or compromise executed by the

mother and putative father is invalid to the extent that it purports to prejudice the welfare of the child involved. See: *Tuer v. Niedoliwka,* 92 Mich.App. 694, 285 N.W.2d 424 (1979); *Gammon v. Cobb,* 335 So.2d 261 (Fla.1976); *Shinall v. Pergeorelis,* 325 So.2d 431 (Fla.App.1975).

Because our paramount concern must be for the welfare of the child, therefore, we hold that appellant's obligation to contribute to her support is not barred by the earlier settlement. The nature of this obligation is superior in effect to an incorrect statement of the law by a trial judge regarding the finality of a lump sum settlement.

■ Appellant is correct, however, that before he can be compelled to contribute to the support of the child born out of wedlock to Cathy Lilly, there must be a determination that he is the father of the child. He is also correct that there has been no such determination in this case. The verdict of the jury which made this determination was set aside by the trial court, and a new trial was granted. A second trial was never held, because the claim was settled before the second trial took place.

The lump sum settlement cannot be deemed a legally binding acknowledgement of paternity. Appellant has consistently denied that he is the father of the child born to the claimant, and the record made at the time of the lump sum settlement contains no admission of paternity. Under these circumstances, it cannot be said that the paternity of the child has been acknowledged by appellant. Without an acknowledgement of such paternity, appellant cannot be made to pay support for the child unless it is first determined that he is the father of the child.

Because there has been no such determination, the order entered by the trial court is reversed, and the case is remanded for further proceedings. Jurisdiction is not retained meanwhile.