# York County Probation Department v. Creech

*Douglas P. France,* for plaintiff.
*John J. Mooney,* for defendant.

UHLER, *J.,* October 2, 1991—This matter is before the court on an appeal by the defendant, Robert D. Creech (hereinafter father). On April 1, 1991, the York County Probation Department filed a complaint requesting child support for Robert Rodney Creech, the natural son of father. A child support hearing was held on June 3, 1991, before Hearing Officer Kimberly Javitt of the Domestic Relations Section. Upon the recommendations of the hearing officer, the court ordered father to pay the sum of $40 per week and $2 per week on arrears for the support of Rodney. The order was made effective on April 6, 1991.

Father appealed the order awarding child support. This court held a support hearing on August 12, 1991, wherein father denied liability to support Rodney claiming Rodney was emancipated.

The issue in this case is whether Rodney is emancipated while he is in the care and custody of the Prescott House so as to dispose of his father's obligations to support him.

The facts show that Rodney was born on March 21, 1972, to Gloria Stafford and Robert D. Creech. The parties divorced and Rodney resided with his

mother in Florida. Father neither paid support nor visited Rodney for approximately 12 years.

In September of 1989, Rodney called father and asked if he could live with him in Hanover. Father agreed to allow Rodney to move in.

Shortly thereafter, Rodney caused problems for father and his second wife. Rodney was regularly tardy and absent from school and work. In addition, he broke curfew on numerous occasions and often lied to father about his activities and whereabouts.

In December of 1989, father asked Rodney to leave their home. Rodney lived at several different places with friends. Rodney and father rarely communicated after Rodney moved out.

In March 1990, Rodney called and asked to be sent back to Florida immediately. The next morning, father drove Rodney to the airport. A few days later, father discovered that the police were searching for Rodney in connection with the vandalism of a church cemetery.

Rodney returned to Pennsylvania for his hearing. He was placed on probation and given the choice to either go to jail or reside with father. Rodney chose to live with father. For a few weeks, their relationship was good. It rapidly deteriorated when Rodney refused to go to work. Once again, father kicked Rodney out of their house. Rodney stayed in the York County Detention Center several weeks. Later, he drifted from one friend's house to another.

In February 1991, Rodney appeared in court again. This time, the court ordered Rodney to be placed at the Prescott House. He continues to reside there.

If a child is emancipated, a court cannot order either or both parents to pay for the support of a child. 23 Pa.C.S. §4323 (1911). No general emancipation statute exists in Pennsylvania. The term

"emancipated" is neither defined in the support section of the Domestic Relations Code, 23 Pa.C.S. §4302 (1991) nor the Statutory Construction Act, 1 Pa.C.S. §1991 (1991).

The legal standard that controls a parent's obligation to pay child support varies with a child's age. *Griffin v. Griffin,* 384 Pa. Super. 188, 588 A.2d 75, *appeal denied,* 524 Pa. 621, 571 A.2d 383 (1989). Under Pennsylvania law, parents are liable for the support of their children who are unemancipated and 18 years of age or younger. 23 Pa.C.S. §4321(2) (1991). Moreover, parents may also be liable for the support of their children who are 18 years of age or older. 23 Pa.C.S. §4321(3) (1991). The concern of the Commonwealth with the welfare of children does not terminate when the child reaches the age of majority. *Oman v. Oman,* 333 Pa. Super. 356, 482 A.2d 606 (1984). Rather, in certain circumstances, the duty of support continues beyond the age of 18. *Id.*

Emancipation is a question of fact to be determined on a case-by-case approach after an examination of the evidence presented in each case. *Maurer v. Maurer,* 382 Pa. Super. 468, 475, 555 A.2d 1294, 1297-1298, *appeal denied,* 522 Pa. 596, 562 A.2d 320 (1989). Modern determinations of emancipation look to the conduct and intent of both parent and child as well as the purposes for which emancipation is sought. *See Funk v. Commonwealth Dept. of Public Welfare,* 44 Pa. Commw. 98, 403 A.2d 214 (1979), *aff'd.,* 491 Pa. 415, 421 A.2d 205 (1980) (public assistance); *Leonard v. Leonard,* 353 Pa. Super. 604, 510 A.2d 827 (1988) (post-secondary schooling). For purposes of this case and support matters generally, dependency is the criterion. *Maurer v. Maurer,* 382 Pa. Super. 468, 475, 555 A.2d 1294 (1989). If a person of 18 years of age is

capable of self-support and has access to full-time employment, the legal duty of a parent to contribute to that support ceases. *Zoba v. Zoba,* 40 D.&C. 3d 450 (1981).

Under the Support Code, father did not have an absolute duty to support, Rodney, 23 Pa.C.S. §4321(3) (1991). When Rodney was ordered to the Prescott House, he had already attained the age of majority. In fact, Rodney had turned 18 years old by the time of the filing of this complaint by the York County Probation Department.

Moreover, Rodney refused to enroll in high school. Although he did enroll in the 70001 Program, he blatantly and willfully refused to attend the program on a regular basis, in addition, Rodney has not indicated any desires to return to high school or pursue more education.

Without a high school diploma, his employment options are limited. Nevertheless, there is no basis for the position that Rodney is unable to earn a sufficient income to be self-supportive. Indeed, Rodney has worked for several employers. He was unsuccessful in retaining his jobs for the simple reason that he did not go to work. We cannot find Rodney dependent because he lacks a work ethic.

The Pennsylvania Superior Court recently considered the concept of emancipation in *Trotsky. v. Mann,* 388 Pa. Super. 369, 581 A.2d 177 (1990). In *Trotsky,* the Manns were the adoptive parents of a 16-year-old youth. Since 1978, the child caused many problems for the Manns. The youth shoplifted and used alcohol and drugs. The son removed himself from the Manns' home and entered a youth house. Subsequently, the Manns sent their son to a rehabilitation center. Upon his release from the center, he was placed in the Children's Home of

Reading without the Mann's permission. The Children's Home of Reading then filed a complaint for support. The court held that, although the youth renounced his parents and refused to see them, the child was unemancipated and the home was entitled to reimbursement for the services rendered to him.

The Superior Court's decision in *Trotsky v. Mann* is distinguishable in several instances from the case before this court. The youth in *Trotsky* was 16 when admitted to the care and custody of a third party. Rodney, on the other hand, was 18 years old. Rodney, like the youth in *Trotsky,* caused nothing but problems for his parents. Unlike Rodney, however, the child in *Trotsky* was dependent upon drugs and alcohol. The child in *Trotsky* even sought placement service while recovering from his addiction. There is no evidence that Rodney was dependent on alcohol or drugs. Indeed, Rodney does not suffer any physical or mental disabilities. Finally, the father in *Trotsky* took a deduction on his 1988 federal income tax return for his son. Again, there is no evidence that father took a deduction for Rodney on his federal income tax return.

Having reviewed the facts before us, this court concludes that Rodney is emancipated and father is free of any liability for expenses incurred by the York County Probation Department. As the Pennsylvania Superior Court has stated, "where a child has attained majority, has no disabilities and neither desires nor has the capability of attending a course of advanced training to reasonably prepare him for self-sufficiency, continued support is not in order." *Maurer,* at 477, 555 A.2d at 1298 (1989). Accordingly, we hold that Robert D. Creech, the father of Robert Rodney Creech, is not liable for child support for his son because he is emancipated.

## ORDER

And now, to wit, October 2, 1991, for the reasons stated in the attached opinion, the court finds for the defendant, Robert D. Creech. The child support order entered on June 3, 1991, is herein set aside.

The Domestic Relations Section shall provide notice of the entry of this order and decree as required by law.