# Hornberger v. Commonwealth Security Systems Corp.

C.P. of Lancaster County, no. 3050-1996.

*Frank G. Fina* and *Bradford H. Charles,* for plaintiff.
*Michael J. Revness,* for defendant.

STENGEL, *J.,* June 10, 1998—This is a subrogation action and a direct action brought by Erie Insurance Co. and its insureds, James and Suzanne Hornberger, against Commonwealth Security Systems arising out of a fire which occurred at plaintiffs' residence. In July 1994, Commonwealth installed a burglar and fire alarm system at plaintiffs' home. On August 5, 1994, a fire occurred at plaintiffs' home which caused fire and water damage. Commonwealth's central monitoring system did not receive an alarm signal despite the fire. Erie paid a claim to plaintiffs for the property damage and by way of subrogation now seeks to recover these insurance proceeds from Commonwealth. In addition, plaintiffs seek to recover from Commonwealth damages exceeding their insurance coverage. Plaintiffs have alleged eight counts in their complaint: negligence; products liability; breach of warranty; breach of contract; fraud; gross, willful and wanton misconduct; negligent infliction of emotional distress; and intentional infliction of emotional distress.

Commonwealth is seeking judgment on the pleadings and/or summary judgment based on various limitation of action provisions in its contract with plaintiffs. Specifically, Commonwealth seeks enforcement of a one-year contractual limitation period. Under section 25 of the contract, plaintiffs agreed that actions against Commonwealth must be commenced within one year after the date the claim arose. Plaintiffs commenced this suit one year and 11 months after the fire.

Alternatively, Commonwealth asserts a contractual limitation on damages and/or waiver of subrogation. Section 3 of the contract limits Commonwealth's liability for all loss or damage, including property damage, resulting from negligence (including gross negligence)

or performance or nonperformance of obligations under the contract. Further, section 6 of the contract contains a waiver of subrogation provision where the parties agreed to shift the risk of loss to plaintiffs' insurer, Erie.

A motion for judgment on the pleadings may be made "[a]fter the relevant pleadings are closed, but within such time as not to unreasonably delay the trial. . . ." Pa.R.C.P. 1034(a). Judgment on the pleadings should be granted where the pleadings demonstrate that no genuine issue of fact exists, and the moving party is entitled to judgment as a matter of law. *Vetter v. Fun Footwear Co.,* 447 Pa. Super. 84, 668 A.2d 529 (1995). In ruling on a motion for judgment on the pleadings, a court must accept as true all well-pleaded facts of the party against whom the motion is made, while considering against it only those facts which it specifically admits. *Shirley by Shirley v. Javan,* 454 Pa. Super. 131, 684 A.2d 1088 (1996). In conducting its inquiry, the court should confine itself to the pleadings themselves and any relevant documents or exhibits properly attached to them. *Hammerstein v. Lindsay,* 440 Pa. Super. 350, 655 A.2d 597 (1995).

The fire at plaintiffs' residence occurred on August 5, 1994. This action was commenced by the filing of a complaint on June 24, 1996. Plaintiffs' complaint pleads the existence of the contract at paragraph 4. Commonwealth filed its answer and new matter to the complaint on August 20, 1996. The answer admits the existence of the contract at paragraph 4, pleads limitation of liability at paragraph 76, pleads the one-year contractual limitation period at paragraph 77, and pleads the waiver of subrogation provision at paragraph 75. On January 13, 1997, plaintiffs filed a reply to the new matter. The pleadings are now closed and this motion for judgment on the pleadings is ripe for disposition.

## I. ONE-YEAR CONTRACTUAL LIMITATION PROVISION

Initially, Commonwealth contends that plaintiffs agreed that they could not file a civil action more than one year after the date the claim arose. Specifically, paragraph 25 of the contract states:

"All claims, actions or proceedings, legal or equitable, against company must be commenced in court within one year after the cause of action has accrued or the act, omission or event occurred from which the claim, action or proceeding arises, whichever is earlier, without judicial extension of time, or said claim, action or proceeding is barred, time being of the essence of this paragraph."

It is well settled in Pennsylvania that a limitation on the time for bringing suit under a contract is a contractual undertaking between the parties to the contract which is both valid and reasonable. See *General State Authority v. Planet Insurance Co.,* 464 Pa. 162, 165-66, 346 A.2d 265, 267 (1975) (judgment on the pleadings in favor of defendant affirmed where suit was not commenced within the one-year contractual limitation period); *Lardas v. Underwriters Insurance Co.,* 426 Pa. 47, 50-51, 231 A.2d 740, 741-42 (1967) (judgment in favor of defendant affirmed where plaintiff failed to commence action within one-year period established by contract). See also, *Toledo v. State Farm Fire & Casualty Co.,* 810 F. Supp. 156 (E.D. Pa. 1992) (applying Pennsylvania law) (motion for summary judgment granted where suit was not brought within one-year contractual limitation period); *Satchell v. Insurance Placement Facility of Pennsylvania,* 241 Pa. Super. 287, 294, 361 A.2d 375, 378 (1976) (trial court's order sustaining demurrer affirmed where

plaintiff did not bring suit within one-year contractual limitation period).

Additionally, Pennsylvania's statute governing limitation of time for commencement of actions also authorizes modification of the statutory limitation period where "a shorter time which is not manifestly unreasonable is prescribed by written agreement." 42 Pa.C.S. §5501.

There is no dispute that plaintiffs instituted this suit beyond the contract's limitation period.

## II. LIMITATION OF LIABILITY PROVISION

Alternatively, Commonwealth contends that several of plaintiffs' claims are barred by the limitation of liability provision of the contract. Section 3 of the contract, limiting the damages recoverable against Commonwealth, provides as follows:

"Subscriber agrees and understands that company is not insurer and that insurance covering personal injury, including death, and real or personal property loss or damage in, about or to the premises shall be obtained by the subscriber; that company, except as set forth herein, makes no guarantee, representation or warranty, including, without limitation, any implied warranty of merchantability or fitness for purpose; that the equipment and services are designed to reduce, but not eliminate, certain risks of loss and the amounts being charged by company are not sufficient to warrant or guarantee that either no loss or damage will occur or increased loss or damage will not occur; that company is not liable for any loss or damage which may occur prior to, contemporaneous with, or subsequent to the execution of this agreement even if due to the improper performance of and/or failure to perform of the equipment, or breach of

contract, express or implied, or breach of warranty, express or implied, or by loss or damage to facilities necessary to operate the system or any central station; that should there arise any liability on the part of company for personal injury and/or property damage, real or personal, which is in connection with, arises out of or from, or results from the design, sale, lease, installation, repair, inspection, test, service, maintenance, remote programming or monitoring of any equipment or system, and/or the equipment or central station facilities, and/or the active or passive sole, joint, or several negligence (including gross negligence) or company and/or its agents, servants, employees, suppliers or subcontractors, including without limitation, acts, errors, or omissions, which occur prior to, contemporaneously with or subsequent to the execution of this agreement, and/or any claim(s) brought in product or strict liability, and/or breach of warranty, express or implied, and/or breach of contract, express or implied, and/or for contribution or indemnification, whether in contract, tort or equity, including without limitation, any general, special, incidental, exemplary, punitive, statutory, and/or consequential damages, irrespective of cause, such liability shall be limited to the maximum of the sum of $250 and this liability shall be exclusive."

This provision in the contract is written conspicuously, in capital letters and in unambiguous language.

Plaintiffs' claims for negligence, products liability, breach of warranty, breach of contract, gross negligence and negligent infliction of emotional distress are based on failures in the installation, testing, activation, remote programming, maintenance and/or monitoring of the system. Section 3 limits Commonwealth's liability for

those claims. It provides that if Commonwealth should be found liable for loss or damage which "[r]esults from the design, sale, lease, installation, repair, inspection, test, service, maintenance, remote programming, or monitoring" then Commonwealth's liability shall be limited to $250. The contract further provides that the limitation on liability "shall be exclusive." Thus, all claims, with the exception of fraud, wilful and wanton conduct and intentional infliction of emotional distress, are barred by the limitation of liability provision.

Pennsylvania courts have enforced such limitation of damages clauses. See *Valeo v. Pocono International Raceway Inc.,* 347 Pa. Super. 230, 232-33, 500 A.2d 492, 493 (1985); *Lobianco v. Property Protection Inc.,* 292 Pa. Super. 346, 353, 437 A.2d 417, 420 (1981); *Manix v. Commonwealth Security Systems Inc.,* 43 D.&C.3d 587, 593-94 (1986).

The limitation of damages clause in this contract bars the claims for negligence, products liability, breach of warranty, breach of contract, gross negligence and negligent infliction of emotional distress because they are based on failures in the installation, testing, activation, remote programming, maintenance and/or monitoring of the system. The parties have agreed in writing to this limitation, and Pennsylvania law provides that such limitations are enforceable. These claims are, therefore, barred by the contract. In light of the discussion in section I of this opinion regarding the one-year contractual limitation provision, it is not necessary for the court to base its decision on the motion for judgment on the pleadings on the limitation of damages clause set forth in section 3 of the contract.

Accordingly, we enter the following:

## ORDER

And now, June 10, 1998, for the reasons set forth in the foregoing opinion, it is hereby ordered that defendant Commonwealth Security Systems Corporation's motion for judgment on the pleadings is granted and plaintiffs' complaint is hereby dismissed with prejudice in accordance with the one-year contractual limitation period set forth in the parties' agreement. Judgment shall be entered in favor of defendant Commonwealth Security Systems Corp. and against plaintiffs James and Suzanne Hornberger.