522 A.2d 85

**Richard J. MIESEN, Appellant.**

v.

**Susan FRANK.**

Superior Court of Pennsylvania.

Argued Jan. 13, 1987.

Filed March 6, 1987.

Lawrence F. Flick, Norristown, for appellant.

Frederick Cohen, Norristown, for appellee.

Before CAVANAUGH, WICKERSHAM and McEWEN, JJ.

WICKERSHAM, Judge:

Richard J. Miesen appeals from the order of the Court of Common Pleas of Montgomery County dismissing his complaint in equity.

Appellant and appellee, Susan Frank, were formerly husband and wife. Prior to their divorce in June of 1976, the parties entered into a separation agreement which contained, *inter alia*, the following provisions:

TWELFTH: Husband hereby acknowledges that he does not intend to support the three above named minor children. In the event Wife should remarry or desire that her parents adopt said children, Husband hereby gives his consent to the adoption of said children by wife's then present husband or parents, provided said party or parties agree in writing that Husband shall have reasonable and liberal visitation rights with each child as long as said visitation does not interfere with the social and educational requirements of each said child. Husband declares that he does not want to be financially or in any other manner responsible for the support of the said three minor children, and that he desires indemnification from Wife and her estate for any claims of support or financial responsibilities by said children. Husband further declares that he agrees to consent to the adoption of said children in order to obtain Wife's indemnification for support. Should Husband withhold his consent to the adoption of any of the children or should he make any claim to their custody or to their property at any time, the said Agreement of indemnification shall be cancelled and be null and void and of no effect, and Wife and her estate shall no longer be obligated to indemnify him and he shall be liable for their support.

Thirteenth: It is specifically and mutually understood and agreed that Husband shall pay nothing for the support of the parties' above named three minor children, but Husband shall carry for the benefit of his minor children Blue Cross and Blue Shield medical insurance or insurance of a comparable nature. Wife shall be solely respon-

sible for the support of the parties' three children. Wife hereby indemnifies Husband for any amounts of support claimed by said children against Husband and hereby binds her estate, executors, administrators, [ ], personal representatives or assigns by such indemnification should any such claims be made by said children after her death.

R.R. at 17a–18a.

In 1981, appellee found herself in financial difficulty and she filed a child support petition against appellant on behalf of their three minor children. On August 20, 1981, the lower court entered an order directing appellant to pay $250.00 per week in support. Significantly, appellant did not appeal this order and has in fact been making the required payments.

In March of 1985, appellee filed a petition for an increase in the payments due to the costs of the children's private schooling, high medical bills, and psychotherapy. The hearing officer recommended that appellant pay all of the schooling costs and half of the unreimbursed medical expenses, along with the $250 per week payment he was already making. This recommendation was entered as a court order on November 19, 1985. Appellant filed exceptions to the order and the matter was pending before the lower court at the time of this appeal.

On August 19, 1985, four years after the support order was entered, appellant filed a complaint in equity seeking specific performance of the indemnity provision in the parties' 1976 separation agreement. He alleged that appellee had violated her agreement not to seek child support and thus, under paragraph 13 of the agreement, she owed him $53,000.00, the amount of support he'd paid since the August 1981 support order. On September 4, 1985, appellee filed preliminary objections to the complaint. On May 29, 1986, after argument, the lower court issued an order sustaining appellee's preliminary objection in the nature of a motion to strike due to a lack of conformity to law, and

dismissed appellant's complaint with prejudice. Appellant then filed this timely appeal.

The sole issue raised before us is:

Whether a contract by one party to indemnify another for any payments of child support such party may become obligated to pay is enforceable against the indemnifier?

Brief for Appellant at 1. The parties advise us that this precise question has not been addressed previously by our appellate courts.

Our courts have long held that parents have a positive duty to provide care, control, and subsistence for their children, as well as a duty to love, protect, and support the child. *Petition of Lutheran Children and Family Service of Eastern Pennsylvania*, 456 Pa. 429, 321 A.2d 618 (1974); *Commonwealth ex rel. Scanlon v. Scanlon*, 311 Pa.Super. 32, 457 A.2d 98 (1983). This duty to support applies to *both* parents; both parents bear an equal responsibility for supporting their children in accordance with the capacity and ability of each to do so. *Shindel v. Leedom*, 350 Pa.Super. 274, 504 A.2d 353 (1986); *Fee v. Fee*, 344 Pa.Super. 276, 496 A.2d 793 (1985); *Sutliff v. Sutliff*, 339 Pa.Super. 523, 489 A.2d 764 (1985).

Furthermore, it is well-settled that one parent cannot contract away the right of his or her child to seek adequate support from the other parent. *Hollman v. Hollman*, 347 Pa.Super. 289, 500 A.2d 837 (1985); *Abarbanel v. Weber*, 340 Pa.Super. 473, 490 A.2d 877 (1985); *Commonwealth ex rel. Shoemaker v. Coulson*, 335 Pa.Super. 626, 485 A.2d 70 (1984); *Oman v. Oman*, 333 Pa.Super. 356, 482 A.2d 606 (1984).

Contracts between husband and wife, if fairly made, are generally considered binding as to them, although legally ineffective to oust the jurisdiction of the court in a support action.... A mother cannot, by contract, bargain away the right of her minor child to adequate

support from the father, regardless of the validity of the agreement as between the parents themselves.... In each case it is for the court to determine whether or not the terms of the agreement are reasonable, made without fraud or coercion, and have been carried out in good faith.

*Commonwealth ex rel. Bortz v. Norris,* 184 Pa.Super. 594, 596, 135 A.2d 771, 773 (1957), *quoting Commonwealth ex rel. Heller v. Yellin,* 174 Pa.Super. 292, 295, 101 A.2d 452, 454 (1953) (citations omitted).

■ In accordance with the precedents set forth in the above cases, we must agree with the lower court that appellant's attempt to require indemnification from appellee for any child support payments must fail. To require appellee to repay appellant all the support payments he has made and will make in the future would undermine his legal duty to support his children to the best of his ability. As a result, the indemnification clause would defeat the purpose of child support payments for the welfare of the child; the money appellant contributed towards his children's support would end up back in his own pocket. This attempt to shirk his legally mandated duty we cannot allow. *Compare Valdimer v. Mount Vernon Hebrew Camps, Inc.,* 9 N.Y.2d 21, 172 N.E.2d 283, 210 N.Y.S.2d 520 (1960) (a parent who places himself in a position of indemnitor will be a dubious champion of his child's rights); *Ohio Casualty Insurance Co. v. Mallison,* 223 Or. 406, 354 P.2d 800 (1960) (indemnification agreement between parent and tortfeasor is void as against public policy since child would then be unlikely to pursue his rights).

■ A child has a right to be supported by his or her parents. We cannot permit a parent to indirectly remove that right by a contractual indemnification agreement between himself and his former spouse. Thus, we hold that the indemnification provision contained within the parties'

210

1976 separation agreement is void as contrary to Pennsylvania public policy.[1]

Order affirmed.

CAVANAUGH, J., concurs in the result.

1. Even if we did not find the indemnification clause to be void as contrary to public policy, we would find this particular indemnification clause to be unenforceable as based on illegal consideration. In *Gorden v. Cutler,* 324 Pa.Super. 35, 53, 471 A.2d 449, 458 (1983), our court recognized that a contract in which the parent of a child agrees to that child's adoption by another in consideration of monetary benefits to himself is void as against public policy. *See e.g., Savannah Bank & Trust Co. v. Hanley,* 208 Ga. 34, 65 S.E.2d 26 (1951); *Gray v. Maxwell,* 206 Neb. 385, 293 N.W.2d 90 (1980). In the instant case, appellant consented to his children's adoption, by any future husband of appellee or by her parents, in return for appellee's promise to indemnify him for their support. The monetary benefits from this arrangement clearly flow to appellant, not to his children. Thus, under the rationale of the *Gorden* court, the indemnification provision is based on illegal consideration and is therefore unenforceable.