**Joan M. KOST, Appellee,**

v.

**Stanley P. KOST, Appellant.**

Superior Court of Pennsylvania.

Argued April 25, 2000.

Decided Aug. 1, 2000.

---

Richard J. Orloski, Allentown, for appellant.

Dean C. Berg, Northampton, for appellee.

Before DEL SOLE, POPOVICH and OLSZEWSKI, JJ.

DEL SOLE, J.

¶ 1 This is an appeal from a court order directing Appellant to pay $1,135.15 per month for the support of his two children. We affirm.

¶ 2 As part of a property settlement agreement executed in 1988, the parties agreed Appellant, Father, would pay $1,000 per month for the support of two minor children. Appellee, Mother, agreed to pay Father $10,000 upon the sale of the marital home, however after the house was sold this agreement was modified to have the $10,000 serve as a credit toward any "future increases" of child support until the credit was consumed. In 1998 when the parties eldest child, Daughter, turned 18 years' old, the parties entered another agreement stating that Father would continue to pay $1,000 per month for the support of the two children. This was conditioned upon Daughter remaining in a four-year college program while living with Mother and was to be reduced by the amount she would receive from Social Security for her disability. The agreement also contained the following provision:

> In consideration for this extension of support for the benefit of [Daughter], [Mother] agrees that she shall not seek an increase for [Son] during [Son's] minority.

¶ 3 After entry of this order Mother apparently experienced some problems with timely payments due to problems with the domestic relations office, prompting her to file a petition seeking increased support for Son. When reviewing Mother's

request the court looked to the parties' respective incomes and determined that Father's support for Son should be $875.35 per month instead of the agreed amount of $500 per month. The court continued Father's obligation to support his Daughter as per the parties' agreement.

¶ 4 On appeal Father contends the mother failed to show a change of circumstances justifying support, and questions whether mother is entitled to seek support when she promised not to and when she did not immediately seek review of the order approving of their agreement.

¶ 5 In support of his argument Father cites to *Koller v. Koller*, 333 Pa.Super. 54, 481 A.2d 1218, 1220 (1984) which provides:

> [W]hen the agreement adequately provides for the needs of the children and spouse and has been recently entered into under court approval, unless a change of circumstances can be shown, there is no justification for ignoring the agreement.

Father refers to this passage to demonstrate that an increase in support was not warranted because Mother failed to demonstrate a change of circumstances. However, Father ignores the introductory language which prefaces by referring to an agreement which "adequately provides for the needs of the children." *Id.* In this case the guideline ranges recommended a support amount for Son which was 75% more than Father was currently paying under the agreement. Where the amount agreed upon differs from the guideline range so significantly, it must be presumed that the agreement entered by the parties does not provide fair and just support for the child. In such a situation Father should bear the burden of establishing that the figure suggested by the guideline is not necessary for the child's support. The trial court correctly noted that neither party may bargain away a minor's child's right to adequate support. *Miesen v. Frank*, 361 Pa.Super. 204, 522 A.2d 85 (1987). The courts will see to it that a child receives

adequate support and will not waiver from that duty simply because Mother agreed to a certain amount and also agreed not to seek an increase in that amount. The trial court was fully justified in considering Mother's request for an increase and we perceive no abuse of discretion in setting the amount of support at the guideline range.

¶ 6 Father also argues that the court improperly enforced his agreement to support his 18 year-old daughter when it failed to enforce the agreement not to seek increased support. As we have explained, parents have no right to bargain away a child's right to adequate support. *See id.* The parties freely agreed to continue support for Daughter. The trial court noted that it was not called upon to determine whether Daughter was emancipated or whether her disabilities might cause Father to have a continuing duty of support. The court noted that Father's support payment was at a rate "which was well below that which [Father] might have been obligated to pay if the Court determined he had a continuing duty to support her." Under these circumstances the trial court did not abuse its discretion in ordering support in the agreed amount.

¶ 7 Finally, we also find no abuse of discretion by the trial court in deciding to apply $135.15 toward the $10,000 credit. The court explained that after deducting the amount received by Daughter for social security Father was obligated to pay a total of $1135.15 per month for the support of both children. Since the original support was in the amount of $1000, the court applied the extra $135.15 toward Father's credit balance.

¶ 8 Husband argues that since the actual amount he had been required to pay for his Daughter's support was only $259.80, after deducting her receipt of social security disability benefits, the true amount of increase which should be applied to his credit balance is $375 per month, the amount of increase awarded to Son. Fa-

ther fails to recognize however, that he was previously obligated to pay $1000 per month support. The fact Daughter received some social security disability which was accepted to reduce his obligation does not alter the fact that Father remained obligated on the entire amount. If Daughter stopped receiving social security for some reason, Father would remain responsible for payment of the full $500 for her support. Thus, there was no error in the court's decision to apply the difference between the new total support amount ($1135.15) and the prior support amount ($1000), or $135 to the credit balance.

¶ 9 Order affirmed.