**Kepley v. Kepley**

*Susan M. Papa,* for plaintiff
*Peter E. Horne,* for defendant.

HODGE, *J.,* March 18, 2009—Before the court for consideration is the petition for reconsideration filed by the defendant/Father, Daniel Kepley, arguing that this court, in its order dated December 5, 2008, errored in substantially increasing his obligation of child support which originally was agreed to by the parties in their

contract of separation, property settlement and support agreement dated June 20, 2007.

This court conducted a hearing on January 23, 2009, on this limited issue.

By way of background, the parties were married on August 25, 2001, and there were two children born to the marriage, A.M.K., born June 25, 2005, and D.F.K., born January 13, 2007.

In the State of North Carolina, County of Mecklenburg, the parties entered into a contract of separation, property settlement and support agreement, dated June 20, 2007, which agreement covered the issues of property settlement, separation, waiver of alimony and support, custody and child support, income taxes, and general provisions. Section 3.4(a), provided that "Husband will pay to Wife child support in the sum of $1,100 per month on or before the 30th of each month. . . ." This paragraph goes on to say that "child support payment will be reviewed annually. . . ."

In addition, the agreement contained the following paragraphs:

"Section 5.5 *Amendment.* This agreement can be altered and amended only by further written agreement duly executed by the parties. Any failure by either party to specifically perform or to enforce performance exactly according to the letter of this agreement shall not constitute an alteration of the same by way of enlargement, waiver, reduction, estoppel, or otherwise, unless confirmed in writing by the parties.

"Section 5.6 *Situs.* This agreement shall be construed and governed in accordance with the laws of the State of North Carolina."

As set forth in the agreement, the mother relocated with the children from North Carolina to New Castle, Pennsylvania, and, on March 9, 2008, filed a complaint for support in the office of the Lawrence County Domestic Relations Section of this court, seeking support not only for the two children, but also for herself.

Following an initial domestic relations conference, this court, by order of May 29, 2008, dismissed the mother's claim for spousal support pursuant to the terms of the agreement between the parties, article II, section 2.1, which provides that each party does hereby waive any and all rights, past, present and future, which either party may have against the other for support, alimony, post-separation support and all other claims for support and maintenance which the parties may have by reason of the marriage.

However, this court did enter an order for support of the two minor children, after determining the parties' earning capacities and monthly incomes, said order entered in accordance with the Pennsylvania Child Support Guidelines.

Following a demand for a de novo hearing by the defendant in this matter, this matter is now before the court on a petition for reconsideration filed by the defendant. In said petition, the defendant is alleging that this court errored by applying Pennsylvania law rather than North Carolina law in modifying his support obligation. Counsel refers the court to the Pennsylvania Supreme Court case of *Pennsylvania Department of Banking v. NCAS of Delaware LLC,* 596 Pa. 638, 948 A.2d 752 (2008). Counsel sites this case for the proposition that this court is obligated to enforce the choice of law provi-

sions in the contract by and between these parties. However, after closely reading the case, the court concludes that this case does not support the desired result of the defendant. The *NCAS* case involves a Delaware limited liability company, doing business as Advance America, Cash Advance Centers, which is a payday cash lender that makes loans to consumers that are short-term, high interest, secured by a post-dated check, with a payment obligation generally to coincide with the borrower's payday. The Supreme Court of Pennsylvania determined in *NCAS* that the provisions in the contract relative to the choice of law is not binding on the Pennsylvania Department of Banking, in that the Commonwealth public policy prohibits usurious lending, a provision that has been well recognized in the courts for well over 100 years. In addition, the Supreme Court notes in a footnote, that the Supreme Court has recognized the choice of law agreements can be avoided when the terms offend public policy even in disputes between contracting parties. See *McIlvaine Trucking Inc. v. CAB,* 570 Pa. 662, 810 A.2d 1280 (2002).

A fundamental proposition of law is that a parent may not contract away a child's right to support. In *Sams v. Sams,* 808 A.2d 206 (Pa. Super. 2002), the Superior Court found that a private child support agreement that reduced the father's accumulated arrearages in his monthly support obligation was unenforceable, because the father was already legally obligated to pay the mother support in excess of the amount specified in the agreement. The Superior Court acknowledged that Pennsylvania law permits support orders and private agreements for support to coexist and be enforced separately. Private support

agreements are subject to contract principles, but a child's right to support cannot be bargained away by either party. See *McMahon v. McMahon,* 417 Pa. Super. 592, 612 A.2d 1360 (1992), *affirmed,* 547 Pa. 124, 688 A.2d 1179 (1997).

Contracts between husband and wife, if fairly made, are generally considered binding as to them, although legally ineffective to oust the jurisdiction of the court in a support action. A mother cannot, by contract, bargain away the right of her minor children to adequate support from the father, regardless of the validity of the agreement as between the parents themselves. See *Hyde v. Hyde,* 421 Pa. Super. 415, 618 A.2d 406 (1992). In each case it is for the court to determine whether or not the terms of the agreement are reasonable, made without fraud or coercion, and have been carried out in good faith. See *Miesen v. Frank,* 361 Pa. Super. 204, 522 A.2d 85 (1987); see also, *Kost v. Kost,* 757 A.2d 952 (Pa. Super. 2000).

The contract of separation, property settlement and support was an all-encompassing, global settlement agreement by and between these parties. The issues covered in the property settlement agreement included the marital residence/real property, personal property, including automobiles, household furnishings, jewelry, clothing, bank accounts, life insurance, 401K plans and mutual releases of property rights and waiver of claims against each other's estate.

In section 3.4, relative to child support, the parties agreed, not only as to the amount at $1,100 per month, but also, "they further agree that fair and reasonable support for Husband to provide for the health, education and

maintenance of the children having due regard to the estates, earnings, conditions and level of support required to provide in a custom standard of living for the minor children and the parties, and that other facts and circumstances of the parties is as set forth hereinafter."

Based upon the language of the agreement and the appellate court cases, this court determines that the terms of the agreement were reasonable, made without fraud or coercion, and have been carried out by both parties in good faith.

Under the North Carolina Child Support Guidelines, "if a child's parents have executed a valid, unincorporated separation agreement that determines a parent's child support obligation and action for child support is subsequently brought against the parents, the court must base the parent's child support obligation on the amount of support provided under the separation agreement rather than the amount of support payable under the child support guidelines unless the court determines, by the greater weight of evidence taking into account the child's needs and the factors enumerated in the first sentence of G.S. 50-13.4(c), that the amount of support under the separation agreement is unreasonable."

This court is unable to conclude that the amount of support agreed in the marital dissolution agreement is unreasonable at the sum of $1,100 per month, when this court has determined that, based upon the net monthly earning capacities and earnings of both parties, that the defendant's net monthly child support guideline obligation is $1,075.08.

The obvious difference is the child care deviation which this court has previously added to the basic child

support order, based upon an allocation of the child care cost and the applicable percentages of total income of each party.

This court, based upon a review of the totality of the agreement and the factors in this case, concludes that the marital dissolution agreement of the parties does provide for adequate support from the father, and as a result, the court will enforce the terms of the agreement entered freely and willingly by both parties in this case pursuant to the attached order.

## ORDER

And now, March 18, 2009, following consideration of the defendant's motion for reconsideration, and the arguments of counsel, Attorney Peter Horne for the defendant and Attorney Susan M. Papa for the plaintiff, the court grants the defendant's motion for reconsideration, and the prior order of this court dated December 5, 2008, is hereby reversed and rescinded, effective July 7, 2008.

The defendant shall pay to the Pennsylvania State Collection and Disbursement Unit the sum of $1,100 in child support per month, the first payment due immediately and monthly thereafter until an income attachment is implemented.

Any un-reimbursed medical expenses that exceed $250 annually per child and/or spouse are to be paid as follows:

(a) 45.2 percent by the plaintiff;

(b) 54.8 percent by the defendant.

The plaintiff's petition for counsel fees is hereby denied.

The domestic relations section is directed to serve a copy of this order of court upon counsel of record, and if a party is not represented by counsel, then upon that party at their last known address as contained in the court's file.