J-A22028-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| N.T., | : | IN THE SUPERIOR COURT |
| | : | OF PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| J.T., | : | |
| | : | |
| Appellee | : | No. 820 EDA 2019 |

Appeal from the Order Entered March 7, 2019
in the Court of Common Pleas of Northampton County
Domestic Relations at No(s): No. DR-142710
PASCES No. 628111966

BEFORE:   MURRAY, J., STRASSBURGER, J.* and PELLEGRINI, J.*

MEMORANDUM BY STRASSBURGER, J.:          **FILED NOVEMBER 14, 2019**

N.T. (Mother) appeals from the order entered March 7, 2019, which made final a December 19, 2018 interim order, which in relevant part provided for how certain amounts of money would be considered as part of J.T.'s (Father's) income for his support obligation.  Upon review, we vacate the order and remand for proceedings consistent with this memorandum.

Mother and Father are the parents of two minor children, born in 2005 and 2007.[1]  The parties separated on August 2, 2010.  On September 27,

_____

[1] Father is also the parent to two children from a prior marriage to Lisa Hirst, who were born in 1997 and 1999.  At times, the support case filed by Hirst was considered a "companion" case to the instant matter, although the two were never formally consolidated. Pa.R.A.P. 1925(a) Statement, 2/2/2018, at 1 n.1.

_____

* Retired Senior Judge assigned to the Superior Court.

2010, Mother filed a complaint for support against Father. Relevant to this case is the fact that Father was injured at work in December of 2009, and he has not been able to work steadily since that time due to both physical and psychological limitations. Related to this injury, in July of 2011, Father received $88,000 as part of a worker's compensation claim, and in October of 2012, he received $245,769 as part of a personal injury claim.[2] N.T., 7/21/2017, at 27-29. Because Father has a lengthy history of failing to pay support, and the record includes numerous petitions from both Mother and Father to modify support obligations, many support orders have been entered in this case.

We begin with the first order of court entered after Father received the first of these settlements. In that order, entered in November 2011, Father's income was set utilizing the settlement funds "being prorated over the remaining years of his support liability for" the younger of Father's children with Mother. Pa.R.A.P. 1925(a) Opinion, 2/2/2018, at 2. Mother filed a petition requesting her support be increased on June 28, 2013, "and the parties appeared for a modification conference on August 28, 2013." *Id*. At that conference, "[t]he attorneys agreed that Judge Koury had ruled to have

---

[2] Mother received $61,442.30 as her share of the personal injury settlement. N.T., 7/21/2017, at 27-29.

the settlement income prorated over the life of the youngest [*sic*] child."[3] *Id*.

On September 17, 2013, the trial court adopted the recommendations of the conference officer and entered an order setting Father's monthly income at $4,161.32, which included Father's income from the work he was able to do at that time, as well as income from the settlements prorated over the life of the younger child. *See* Order, 9/17/2013.

On September 18, 2014, Father filed a petition to terminate support. It was Father's position that he was now unable to work, and his support obligation should be adjusted accordingly. After a hearing, Father's income for the purposes of support was reduced to include only "the apportioned settlement funds over the remaining years of minority of the youngest [*sic*] child." Pa.R.A.P. 1925(a) Statement, 2/2/2018, at 3; *see also* Order, 11/25/2014; Order, 5/25/2016. Father continued his practice of failing to pay

_____

[3] The notes from the settlement conference to which the trial court was referring are not included in the certified record. However, in Mother's reproduced record, she has included a document entitled Summary of Trier of Fact, which appears to be the notes from the conference officer dated August 28, 2013. In these notes, the settlements are addressed, and the following information is provided: "During conference, parties' personal injury settlements were discussed. All parties agreed to have their shares included in this Order. Both attorneys agreed that Judge Koury made ruling to have this income prorated over the life of the youngest [*sic*] child." Mother's Reproduced Record, at 5. Under certain circumstances, this Court may consider documents that are not included in the certified record, but have been included in the reproduced record. *See Commonwealth v. Brown*, 52 A.3d 1139, 1145 n.4 (Pa. 2012) (pointing out that where a document is contained only in the reproduced record, but "the accuracy of the reproduction has not been disputed," this Court may consider it).

child support, and at one point, Father even served a jail term rather than paying his arrearages.

Father began to receive social security disability benefits in May 2016, and on January 19, 2017, Father filed a petition to modify his support obligation in both of his support cases. According to the trial court, "[t]he parties appeared for a modification conference on March 8, 2017." Trial Court Opinion, 5/9/2019, at 5. "The conference officer noted that '[i]n addition to this income, parties agreed to attribute an additional $4,167.58 per month to [Father] for a personal injury settlement through July 2018." *Id.* (quoting Conference Notes, 3/8/2017).[4] On April 7, 2017, a modified order of court was entered in the instant case (April 2017 Interim Order). It is this order which is at issue now.

The April 2017 Interim Order[5] provided that Mother's monthly net income was $3,016.45, and Father's monthly net income was $5,421.58. The April 2017 Interim Order ordered Father to pay Mother $878 per month, which included $732 in support and $146 in arrears. In addition, the April 2017 Interim Order provided that "[i]n accordance with the parties' agreement, [the

---

[4] These conference notes are not included in the certified record. While those notes are not included in the certified record, it is apparent that this conference pertained to both support cases based upon the notice sent to the Social Security Administration after that conference. **See** Amended Withholding Order, 4/4/2018 (referencing both docket numbers and the fact that Father is the obligor for four children).

[5] This order was entered by Judge Paula Roscioli.

o]rder takes into consideration an additional $4[,]167.58 in income for a personal injury settlement through July 2018." Order, 4/7/2017, at 3.

Father filed a demand for a *de novo* hearing, and the trial court ordered Father's deposition in lieu of testimony. Both Father and Mother filed briefs. In his brief, Father acknowledged that the agreement regarding the July 2018 end date for the settlement proration was between Father and Lisa Hirst. **See** Father's Brief Upon *De Novo* Review, 8/23/2017, at 2. Nevertheless, it was his position that support should terminate because he had spent the settlement funds. **Id**. at 8 ("Although [Father] did in fact receive settlement funds from his workers' compensation and personal injury cases, he is no longer in possession of any of those funds as a result of the unexpected and unanticipated severe health issues he suffered following the opening of his business, B&B American Logistics, Inc., for which he use[d] a substantial portion of his settlement funds to start.") (capitalization altered).

Mother filed a brief arguing that the April 2017 Interim Order should remain in effect, stating that "the settlements Father received … have been prorated over [the span of Father's] support liability for [Father's] youngest [*sic*] child."[6] Mother's Brief in Opposition to Father's Petition to Modify

---

[6] It was Mother's position that Father had originally argued for the funds to be prorated over the life of the younger child as a benefit to him in order to spread out his support obligation, rather than having to pay a lump sum. **See** Mother's Letter to Judge Koury, 4/3/2012, at 2 (discussing how lump sum awards should be considered for support). According to Mother, Father "has

Support, 9/5/2017, at 1. The trial court made the April 2017 Interim Order a final order on November 7, 2017. Father timely filed a notice of appeal from that order, which he subsequently discontinued.[7]

A contempt petition was filed against Father on September 7, 2018, and on September 12, 2018, Father filed a petition for modification of support. It was Father's position that the $4,167.58 addition to Father's income should be eliminated as of July 2018 due to the agreement of the parties, as codified in the April 2017 Interim Order. Because Mother was contesting this agreement, the conference officer stayed the matter to permit the parties to provide additional documentation in support of their respective positions. "Between October 30, 2018 and December 19, 2018, the conference officer received correspondence from both counsel."[8] Trial Court Opinion, 5/9/2019, at 9. Upon consideration, the conference officer determined that Father's child

---

dissipated [these funds] by mismanagement, neglect, bad business decisions (with utter disregard for his support obligations) and asserts that his support should now be decreased." Mother's Brief in Opposition to Father's Petition to Modify Support, 9/5/2017, at 4.

[7] On February 2, 2018, Judge Jennifer Sletvold filed a Pa.R.A.P. 1925(a) opinion for that appeal, which has been referenced *supra*. In that opinion, the trial court references Father's deposition, in particular Exhibit H-1, which Father utilized in support of his position that the "parties" had reached an agreement. However, that exhibit contains the caption only for the support case involving Father's children with Hirst. Father's younger child from that marriage, born in October 1999, reached the age of majority in 2018. It should also be noted that counsel for Mother was not able to be present at the deposition, and Father was cross-examined only by counsel for Hirst, which is when this exhibit was introduced. *See* N.T., 7/21/2017, at 67.

[8] These materials are not included in the certified record.

- 6 -

support should be calculated without consideration of the additional income based upon the agreement of the parties, and recommended that based upon the respective income calculations of Mother and Father, the support order be suspended.

On December 19, 2018, the trial court entered an interim order in accordance with the conference officer's recommendation, setting Father's support obligation at $250 per month, allocating zero dollars for support and $250 for arrears. Mother filed a demand for a *de novo* hearing, which occurred on February 13, 2019. At that hearing, which consisted of argument only, Mother argued that "the settlement funds received by [Father] should be prorated over the years until the youngest [*sic*] child subject to the [o]rder turned 18." N.T., 2/13/2019, at 3. According to Mother, the confusion in this case resulted from the fact that Father "has two other children, and for enforcement purposes, that [case] was consolidated with [this] case[.]" *Id*. Mother argued that Father's other support case had an "order that said, in July of 2018, [Father's] support was to end and terminate," and that language was mistakenly added into the April 2017 Interim Order in this case. *Id*.

On February 13, 2019, the trial court entered an order, which concluded that the April 2017 Interim Order containing the disputed language was a final order, which Mother did not appeal. Trial Court Opinion, 5/9/2019, at 14. Thus, according to the trial court, it is the law of the case and cannot be disturbed.

Mother timely filed a notice of appeal, and both Mother and the trial court complied with Pa.R.A.P. 1925. On appeal, Mother argues that the trial court erred by failing to utilize the settlement amounts in calculating Father's income for his support obligation. Mother's Brief at 6. We review this issue mindful of the following.

The principal goal in child support matters is to serve the best interests of the children through the provision of reasonable expenses. [A parent] has an absolute duty to provide for his [or her] children financially even if it causes hardship or requires sacrifice.

We review a child support order for an abuse of discretion. [T]his Court may only reverse the trial court's determination where the order cannot be sustained on any valid ground. As this Court previously articulated, [a]n abuse of discretion is [n]ot merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will, as shown by the evidence of record.

*E.R.L. v. C.K.L.*, 126 A.3d 1004, 1006–07 (Pa. Super. 2015) (internal quotation marks and citations omitted).

Moreover, "it is well-settled that one parent cannot contract away the right of his or her child to seek adequate support from the other parent." *Miesen v. Frank*, 522 A.2d 85, 87 (Pa. Super. 1987); *see also Sams v. Sams*, 808 A.2d 206 (Pa. Super. 2002) (holding child support agreement failed as a matter of public policy because a parent cannot bargain away his or her children's right to support).

Here, the trial court concluded that, *inter alia*, the result in this case was mandated by the finality of the April 2017 Interim Order. Trial Court Opinion,

5/9/2019, at 17. The trial court relied upon the "agreement of the parties, specifically discussed and noted by the conference officer in her March 8, 2017 conference notes." *Id*. As noted *supra*, these conference notes are not included in the certified record. However, what is apparent from the certified record is that there is some confusion regarding how the July 2018 language ended up in the April 2017 Interim Order. Both of Father's child support cases were being litigated together. Father's brief, filed **after** the entry of the April 2017 Interim Order, refers to an agreement regarding settlement proration between Father and Hirst. **See** Father's Brief Upon *De Novo* Review, 8/23/2017, at 2. It does not refer to an agreement between Father and Mother. Mother's brief reveals her mistaken impression that the April 2017 Interim Order included a prorated settlement amount until her younger child was eighteen.[9] **See** Mother's Brief in Opposition to Father's Petition to Modify Support, 9/5/2017, at 4.

---

[9] The trial court points out that Mother did not appeal the April 2017 Interim Order. **See** Trial Court Opinion, 5/9/2019, at 14. However, if Mother believed, even mistakenly, that the April 2017 Order included the settlements being prorated over the life of her younger child, then she would have had no reason to appeal that order. In addition, the trial court states that Mother has never argued prior to the instant appeal that "settlement funds should be attributed to [Father] beyond July 2018." **Id**. As discussed *supra*, the record belies that conclusion. In fact, Mother has consistently maintained the position throughout the course of this protracted litigation that the settlement funds were to be prorated throughout the life of her younger child. **See** Pa.R.A.P. 1925(a) Opinion, 2/2/2018, at 2; Order, 9/17/2013; Order, 11/25/2014; Order, 5/25/2016.

Based on the foregoing, out of an abundance of caution and in light of the fact that a parent is obligated to support his or her children,[10] we conclude that it is appropriate to vacate the March 7, 2019 order. Upon remand, the trial court may conduct any proceedings it deems necessary. The trial court shall then enter a new support order.

Order vacated. Case remanded for proceedings consistent with this memorandum. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/14/19

---

[10] **See** 23 Pa.C.S. § 4321(2) ("Parents are liable for the support of their children who are unemancipated and 18 years of age or younger.").