J-A18039-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| LISA RENEE MASSARELLI | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ANTHONY MASSARELLI | : | |
| | : | |
| Appellant | : | No. 20 WDA 2022 |

Appeal from the Order Entered December 9, 2021
In the Court of Common Pleas of Allegheny County Civil Division at
No(s):  FD 20-00087-002

BEFORE:  STABILE, J., MURRAY, J., and McLAUGHLIN, J.

MEMORANDUM BY McLAUGHLIN, J.:          **FILED: NOVEMBER 9, 2022**

Anthony Massarelli ("Husband") appeals the dismissal of his petition to modify child support, and the grant of the petition to enforce an Interim Support Settlement Agreement ("Agreement"), which was filed by Lisa Renee Massarelli ("Wife"). Husband argues he was entitled to relief due to changed circumstances. However, the changed circumstances he asserts are not the sort for which the Agreement permits modification. We therefore affirm.

Husband and Wife were married in September 2000 and separated in September 2020. The parties have two children, A.M. ("Son"), born in September 2002, and J.M. ("Daughter"), born in August 2006. Both children reside with Wife. N.T., 8/16/21, at 42.

In September 2020, Husband and Wife entered into the written Agreement. *Id.* at 10, 33. The Agreement stipulates that Husband is to pay $3,000 per month in unallocated support, Wife and children's phone bills,

Wife's gasoline credit card, and 58% of educational and extracurricular expenses for both children upon request by Wife. *Id.* at 11-12, 33; Hr'g Ex. A ("Agreement"), at 2. The Agreement provides the parties entered the Agreement "for purposes of settling, on an interim basis, their current disputes regarding child support, spousal support, maintenance, and alimony pendente lite." *See* Agreement at 1. Further, the Agreement states that payments can be adjusted if there are substantial changes in the parties' incomes and children's needs and/or substantial changes in the insurance expenses for the family:

> [I]t is understood and agreed that said payments shall be adjusted upward or downward in accordance with substantial changes in the respective incomes of the parties and the needs of their children, and/or substantial changes in the expenses of insurance for the family.

*Id.* at p.2.

On June 4, 2021, Husband filed a petition to modify the monthly support amount. Wife filed a petition to enforce the Agreement. The petitions were consolidated into a single hearing that was held in August 2021. After the hearing, the Hearing Officer recommended that Husband's petition be denied, and that Wife's petition be granted.[1]

At the hearing, Husband requested that the court modify the support amount to include one child, claiming Son was emancipated. N.T. at 9, 21. He asked the court to order support pursuant to the child support guidelines,

_____

[1] Husband filed for divorce in July 2021, after filing the petition to modify but before the hearing.

which would be $898 for child support for one child and $536 for alimony pendente lite, for a total support award of $1,424. *Id.* at 21-22. Husband claimed Son was emancipated because Son had graduated from high school in June 2021 and elected to forgo college by entering the workforce as a full-time employee. Before the date of his high school graduation and after his 18th birthday, Son became a partial owner of Husband's landscaping company, which he had been working at annually from the months of April through November since the age of 14. *Id.* 25, 33-34. Neither party disputes that when the Agreement was signed, it was their understanding that Son would attend college following his graduation from high school. Husband claims that Son's emancipation following his high school graduation and his decision not to attend college but to work as a full-time employee constituted a substantial change for support purposes. *Id.* at 9.

Wife countered that no substantial change had occurred in the needs of Son because Son continued to reside at her residence, earned a similar wage as when employed during high school, and relied on her for food expenses. *Id.* at 37-38, 42. Wife's counsel noted that Son is unable to withdrawal funds from his allotted 30 percent of the company, which is retained within the company's business account. *Id.* 31-32. Wife further testified that Son's annual income remained similar to what it had been in past years. *See* Wife's Ex. 1 (showing Son's 2020 income). Finally, Wife argued that Husband's income has not decreased and that he had not displayed an inability to fulfill the Agreement. *Id.* 41-42; Ex. D.

The Hearing Officer recommended that the Agreement be enforced, concluding no substantial change as delineated in the Agreement occurred:

> [Husband] testified he is seeking a modification to the support amount as the parties' older child is now emancipated. The agreement is dated 9/10/2020 and their older child turned 18 years old shortly thereafter and then graduated from high school on 6/3/2021. The Agreement does not provide that the support amount is to be adjusted upon emancipation. [Husband] failed to demonstrate "substantial changes in the respective incomes of the parties and the needs of their children, and/or substantial changes in the expenses of insurance for the family." As such, [Husband's] request to modify the Agreement is denied.

Hr'g Summ. Sept. 8, 2021, at 2.

Husband filed exceptions to the decision of the Hearing Officer, and the trial court denied the exceptions in December 2021. Husband filed a notice of appeal.

Husband raises the following issues:

> I. Whether the trial court erred in failing to find that a substantial change in the child's needs occurred, as of June 3, 2021, due to the parties' oldest child being emancipated, employed on a full-time basis, earning a full-time income, and not attending college, and therefore, warrants a modification in the support obligation.
>
> II. Whether the trial court erred in the failing to calculate [Husband's] support obligation without the emancipated child, by finding that a child's emancipation and decision not to attend college to secure full time employment is not a substantial change.
>
> III. Whether the trial court erred in concluding that [Husband's] support obligation should not be modified, even though a substantial change existed, and adjusting said arrears.

IV. Whether the trial court erroneously speculated that the Interim Support Agreement is a Final Order/Agreement that provides for Unallocated Spousal Support, rather than an Unallocated Child Support order.

V. Whether the trial court erroneously failed to find that spousal support was no longer applicable, as [Husband] filed for divorce after the parties reached their agreement.

Husband's Br. at vii-viii.

## A. Jurisdiction

Before we address Husband's claims, we will address Mother's claim that the award in the contract was for spousal support and therefore unappealable.

Pursuant to Section 3105 of the Divorce Code, a provision in an agreement between parties regarding child support shall be subject to modification upon a showing of changed circumstances, but a provision regarding alimony shall not be subject to court modification:

> **(a) Enforcement.**--A party to an agreement regarding matters within the jurisdiction of the court under this part, whether or not the agreement has been merged or incorporated into the decree, may utilize a remedy or sanction set forth in this part to enforce the agreement to the same extent as though the agreement had been an order of the court except as provided to the contrary in the agreement.
>
> **(b) Certain provisions subject to modification.**--A provision of an agreement regarding child support, visitation or custody shall be subject to modification by the court upon a showing of changed circumstances.
>
> **(c) Certain provisions not subject to modification.**--In the absence of a specific provision to the contrary appearing in the agreement, a provision regarding the disposition of existing property rights and interests between the parties, alimony, alimony pendente lite, counsel fees or expenses shall not be subject to modification by the court.

- 5 -

23 Pa.C.S.A. § 3105.

The parties entered into the Agreement that provided for an "unallocated sum" for child and spousal support. Agreement at 2. The Agreement states that "the unallocated sum of $3,000 . . . each month," as well as other listed expenses, are designated for "the maintenance and support of Wife and the parties' minor children." *Id.* The Agreement later states that "[t]his Agreement constitutes the entire agreement and understanding of the parties, with regard to child support, spousal support, alimony pendente lite and maintenance." *Id.* at Section VI. Although the Agreement fails to specify the amounts allocated to child support and to spousal support, it is clear a portion of the amount is child support. We will therefore review Husband's claims that the trial court erred in failing to modify the amount.[2] ***See Diament v. Diament***, 771 A.2d 793, 795 (Pa.Super. 2001) (issues related to child support may be immediately appealed).

## B. Whether the Court Erred in Denying the Petition to Modify or in Granting the Petition to Enforce

We will address Husband's first three issues together. In the issues he makes two main claims of trial court error—that the court erred in failing to

---

[2] Wife argues that Rule 1910.16 was rescinded, effective January 1, 2019, and that unallocated orders of support are no longer appealable as final orders. Prior to January 1, 2019, Rule 1910.16 provided that where a court made an unallocated award in favor of the spouse and one or more children that order, the order "shall be a final order as to all claims covered in the order." Pa.R.C.P. 1910.16(b) (as amended, effective July 1, 1994). Wife does not explain how the rescission of Rule 1910.16 altered the appealability of orders related to child support.

find a changed circumstance under 23 Pa.C.S.A. § 3105(b) and that the court erred in finding modification was not proper under the Agreement. Each argument calls for a separate analysis. **See Sams v. Sams**, 808 A.2d 206, 211 (Pa.Super. 2002) ("Pennsylvania law permits support orders and private agreements for support to coexist and be enforced separately"); **Nicholson v. Combs**, 703 A.2d 407, 416-17 (Pa. 1997) (party can seek to enforce both court-ordered support award and agreement setting forth support award, noting a payee in a civil action has remedies not available in family court).

In Husband's first argument, he claims the trial court erred in concluding there was no substantial change in Son's needs. He argues that Son's emancipation, decision to forgo attending college, and status of full-time employment constitute a substantial change to the needs of the child. Husband's Br. at 7-8. He maintains Son is now able to provide for himself and the fact that Mother does not charge him for food and rent is irrelevant. He points to 23 Pa.C.S.A. § 3105(b) as support for the Court's authority to modify the agreement upwards or downwards due to changed circumstances. Husband claims that the guidelines support the modification and do not require the burden of proof that the trial court is imposing on his case. **Id.** at 12.

In Husband's second and third arguments, he claims the court erred in finding modification was not required under the Agreement. He points out that when the parties entered the Agreement, Son planned to attend college after his high school graduation, and that the terms of the Agreement were based

on this fact. He claims Son's employment changed his financial needs because he was working full time and being compensated for the same.

1. The court did not err in denying the motion to modify the support award.

When reviewing support orders, "[w]e will not interfere with the broad discretion afforded the trial court absent an abuse of discretion or insufficient evidence to sustain the support order." **Sirio v. Sirio**, 951 A.2d 1188, 1192 (Pa.Super. 2008) (citation omitted). Abuse of discretion is not merely an error in judgment, but rather occurs only where "the court overrides or misapplies the law, or the judgment exercised is shown by the record to be either manifestly unreasonable or the product of partiality, prejudice, bias or ill will[.]" **Id.**

Pursuant to Section 3105, the court has the authority to enforce agreements of the parties, and to modify an agreement's provisions regarding child support upon a showing of a changed circumstance:

> **(a) Enforcement.--**A party to an agreement regarding matters within the jurisdiction of the court under this part, whether or not the agreement has been merged or incorporated into the decree, may utilize a remedy or sanction set forth in this part to enforce the agreement to the same extent as though the agreement had been an order of the court except as provided to the contrary in the agreement.
>
> **(b) Certain provisions subject to modification.--**A provision of an agreement regarding child support, visitation or custody shall be subject to modification by the court upon a showing of changed circumstances.

23 Pa.C.S.A. § 3105(a)-(b).

When determining whether changed circumstances exist, a court may consider agreements entered into for support. **McClain v. McClain**, 872 A.2d 856, 862-63 (Pa.Super. 2005). As the agreement is "at the heart of the controversy, it would be illogical to have the court consider a petition requesting a modification of child support based upon an alleged change in circumstances without the ability to examine the basis for the existing support order." **Id.** at 863.[3]

Although emancipation may provide basis for finding changes circumstances, it does not do so here. **See** Pa.R.C.P. 1910.19(e) (providing that within six months of when a child reaches the age of 18, the domestic relations section shall issue an inquiry seeking information regarding date of birth, household departure date, existence of agreement requiring payments for the child after child has reached the age of 18, and special needs). After taking the Agreement into consideration, as we must, it is evident that emancipation does not merit a changed circumstance that allows for the modification of support. Son turned 18 the same month that the parties signed the Agreement, expenses for Son's post-high school graduation are referenced

---

[3] This Court has held that where there is an inability to pay on the part of the payor, the court should allow a downward modification of support owed under 23 Pa.C.S.A. § 3105(b). **See Boullianne v. Russo**, 819 A.2d 577, 581 (Pa.Super. 2003). We pointed out that that if a party fails to comply with a support order, he or she can be incarcerated, and therefore concluded the court must be able to reduce a contract amount if the payor establishes an inability to pay. **Id.** at 580 (citing **Nicholson v. Combs**, 703 A.2d 416-17 (Pa. 1997)). We reasoned that the court cannot force an individual, with the threat of incarceration, to fulfill an obligation which they cannot fulfill. Here, Husband does not allege an inability to pay.

- 9 -

in the Agreement, and emancipation is not found in the terms of the Agreement. Although the Agreement references "minor children," the parties clearly intended to include Son in that term, as they have only two children. Agreement at 2. Further, a settlement agreement between spouses can include support obligations for emancipated individuals and clauses that provide for modification if the child chooses not to attend college. **See, e.g., Kost v. Kost**, 757 A.2d 952, 953 (Pa.Super. 2000) (including support for college student if she remained enrolled in a four-year college program). Here, the Agreement, entered shortly before Son became emancipated, includes support for Son and does not include a clause allowing for modification if Son does not attend college.

We further note that Father requested a downward modification from $3,000 to $1,424. This is a more than 50% decrease in the unallocated support award based on the alleged emancipation of one child.

Given the totality of the circumstances, we conclude the trial court did not abuse its discretion in determining that Husband did not establish grounds for a modification of child support under 23 Pa.C.S.A. § 3105(b).

2. The trial court did not err in enforcing the Agreement.

"A settlement agreement between [spouses] is governed by the law of contracts unless the agreement provides otherwise." **Stamerro v. Stamerro**, 889 A.2d 1251, 1258 (Pa.Super. 2005) (citation omitted, alteration in **Stamerro**). Contract question raise issues of law, which we review *de novo*.

*Id.* (citation omitted). When interpreting a contract, we must determine the intent of the parties:

> When interpreting the language of a contract, the intention of the parties is a paramount consideration. In determining the intent of the parties to a written agreement, the court looks to what they have clearly expressed, for the law does not assume that the language was chosen carelessly. When interpreting agreements containing clear and unambiguous terms, we need only examine the writing itself to give effect to the parties' intent.

*Id.* at 653–54 (citation omitted).

Under the Agreement, Husband is tasked with showing a substantial change to the needs of Son. Agreement at 2. Merely showing that the Son is emancipated or that Son decided to not attend college is not enough to show a substantial change in the Son's needs. As noted above, the Agreement does not contain a provision for a change in the unallocated support amount when Son became emancipated or if he decided to not attend college. Throughout the Agreement, it is clear Son is included in the referenced "minor children." *Id.* Son is one of only two children shared by the parties, the Agreement would provide additional money to help with Son's college tuition, and Son's 18th birthday occurred shortly after the signing of the Agreement. Further, Husband's claim that a substantial change under the agreement exists because Son is allegedly earning a full-time income and working a full-time job as a part owner of their landscaping business lacks merit. At the time of the hearing, Son's tax returns showed that he was not earning substantially more than he had in previous years. Wife's Ex. 1. Moreover, Son was going to

be laid off from the months of November through April, without a stable income. N.T. at 46. Wife testified that Son still lived with her and that he relied on her for food expenses. *Id.* at 37-38, 42. She testified that Son was unable to withdraw funds from his allotted 30 percent of the company, which remained in control of the company's account. *Id.* 31-32.

Given the facts presented at the hearing, the trial court did not err in finding no substantial change in Son's needs that would justify modification under the Agreement.[4]

## C. Whether Court Found the Agreement Provided for Spousal Support

In the Husband's fourth claim, he argues that the trial court erred in speculating that the Agreement is a final order/agreement that provides for unallocated spousal support, rather than unallocated child support. Husband's Br. at 16.

This claim fails. The trial court never stated the sum is defined as spousal support. The trial court rendered the following evaluation:

> The Agreement does not specifically define which of the kinds of support are covered by the unallocated sum, and nothing in the decision of the Hearing Officer suggests that she interpreted that sum to be unallocated spousal support rather than unallocated child support; nor did the Hearing Officer suggest that she thought the Agreement to be a final order/agreement. Rather, the modification was not granted because Husband did not demonstrate a substantial change

---

[4] Husband argues the court failed to adjust the arrears. Because we concluded the court did not err in denying modification, it follows that no error occurred in failing to adjust the arrears.

in the circumstances of the parties as was required under the Agreement.

Trial Ct. Op. at 9-10. This was not error.

### D. Whether the Divorce Proceeding Impacts the Spousal Support Award

Husband states in his final claim that spousal support is no longer applicable to the Agreement since he filed a complaint in divorce after the Agreement was signed and Wife never raised a claim for alimony pendente lite. He claims that when he filed for divorce that Wife was required to raise a claim for alimony pendente lite and that due to this inaction her spousal support terminated. Husband's Br. at 17.

Husband provides no legal support for this claim, and therefore waived it. *See In re Estate of Whitley*, 50 A.3d 203, 209-10 (Pa.Super. 2012).

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/9/2022

- 13 -